**BRADLEY GROMBACHER, LLP**
Marcus J. Bradley, Esq. (SBN 174156)
Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Dr., Suite 240
Westlake Village, California  91301
Telephone:  (805) 270-7100
Facsimile:   (805) 270-7589
mbradley@bradleygrombacher.com
kgrombacher@bradleygrombacher.com

*Attorneys for Plaintiff Angela Carroll*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELA CARROLL, an individual, on her own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION; BANK OF AMERICA CORPORATION, a Delaware corporation<br>Defendants. | **CASE NO.**<br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br>1. **Forfeiture Of Vacation Pay In Violation Of The California Labor Code (*Lab. Code* §227.3);**<br>2. **Failure To Provide An "Accurate" Itemized Wage Statement Upon Payment Of Wages (Labor Code § 226);**<br>3. **Failure to Pay All Wages Owed Timely Upon Termination (*Lab. Code* §§201-203)**<br>4. **Violation of California *Business and Professions Code* §17200;**<br>5. **Penalties Pursuant to *Labor Code* §§ 2698-2699, *et seq*.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Angela Carroll ("Plaintiff") on behalf of herself and all others similarly situated, alleges as follows:

## INTRODUCTION

1. This case arises out of the failure of Defendants Bank Of America,

-1-
**Class Action Complaint**

National Association and Bank Of America Corporation (collectively referred to as "Defendants" or "Bank of America") to pay its employees' vested but unused vacation at the employees' final rate of pay at the time of his or her termination.

2. The Labor Code is clear, "whenever a contract of employment or employer policy provides for paid vacations, and an employee is terminated without having taken off his or her vested vacation time, all vested vacation shall be paid to him or her as wages *at his or her final rate ....*" Cal. Labor Code § 227.3 (emphasis added). Bank of America, however, fails to properly carry-over unused vacation time at the end of each year in contravention to its written policy and fails to properly calculate accrual and usage.

3. This matter is brought as a class action pursuant Federal Rule of Civil Procedure 23, on behalf of Plaintiff and the Class, which is defined more specifically below, but which is generally described as all employees who were entitled to receive all compensation at the time of termination. For herself and other similarly situated former employees of Bank of America, Plaintiff seeks damages for unpaid wages and continuation wages under Labor Code Section 203 and restitution of owed and unpaid monies under Business and Professions Code Section 17200, *et seq*.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because at least one Class member is of diverse citizenship from one defendant, there are more than 100 Class members, and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest and costs. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. The Court has personal jurisdiction over Defendants pursuant to 18 U.S.C. § 1965(b), (d). This Court has personal jurisdiction over the parties because Plaintiffs submit to the jurisdiction of the Court and because Defendants

1 systematically and continually conduct business throughout the State of California.

2. 6. Defendant regularly conduct business in this District, and the conduct alleged herein which gives rise to the claims asserted occurred within this District. Specifically, Plaintiff was employed by Defendants in this District. Thus, under 28 U.S.C. §§1391(c)(2) and (d), Defendant is deemed to reside in this District. As such, venue is proper in this judicial district under 28 U.S.C. §1391(b)(1) because Defendants are deemed to reside in this District and under 28 U.S.C. §1391(b)(2), because Defendants conduct business in this District and a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this District.

## THE PARTIES

7. At all times mentioned herein Plaintiff is and was a resident of the County of Los Angeles, State of California. Plaintiff was hired by Defendant as a "Home Services Specialist II" in May 9, 2011. Plaintiff held this position until she ended her employment effective February 10, 2020. During this time, Plaintiff accrued vacation benefits under BOA's vacation plan. While Plaintiff accrued vacation each year, she did not utilize all the vacation hours she had accrued and thus, such benefits should have rolled over, subject to then Bank's rules regarding caps. To date, Plaintiff has not received all of the wages due to her for her final pay.

8. The members of the proposed class are identifiable, similarly situated persons who were non-exempt employees of Defendant who were not paid all of their wages timely upon termination.

9. Defendant Bank Of America, National Association, is a national association organized under the laws of the United States which maintains its principal place of business in the State of North Carolina. At all times relevant to this action, Plaintiff is informed and believes and thereon alleges that Bank of America National Association conducted business operations and employed

-3-
**Class Action Complaint**

Plaintiff and other class members in the State of California and throughout the United States.

10. Defendant Bank of America Corp. is a corporation organized and existing pursuant to the laws of the state of Delaware, authorized to conduct, and in fact conducting, business within the state of California. Defendant Bank of America Corp. operates and owns banks throughout the State of California and provides a variety of financial services for both consumers and merchants.

11. Plaintiff is ignorant of the true names, capacities, relationships and extent of participation in the conduct herein alleged of the Defendants sued herein as DOES 1 through 100, inclusive, but on information and belief allege that said Defendants are in some manner legally responsible for the unlawful actions, policies, and practices alleged herein, and therefore sue such Defendants by such fictitious names.

12. Plaintiff is informed and believes, and thereon alleges, that each Defendant named herein was the agent of the other, and the agent of all defendants. Plaintiff is further informed and believes, and thereon alleges, that each Defendant was acting within the course and scope of said agency at all relevant times herein, for the benefit of themselves, each other, and the other Defendants, and that each Defendant's actions as alleged herein was authorized and ratified by the other Defendants.

13. The wage and hour violations herein alleged were and are willful and deliberate, and were taken pursuant to, and resulted from, Defendants' policies, patterns and practices, which Defendants applied uniformly to Plaintiff and all members of the Plaintiff Class, and which have resulted in the unjust enrichment of Defendant at the expense of Plaintiff and members of the Plaintiff Class.

14. As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer, substantial losses related to the use and enjoyment of wages, lost interest on such

wages, and expenses and attorneys' fees in seeking to compel Defendants to fully perform its obligations under state law, all to its respective damage in amounts according to proof at the time of trial.

## GENERAL FACTUAL ALLEGATIONS

15. Subject to limited exceptions, Bank of America provides paid time off benefits to any full- or part-time U.S. employee is eligible to earn (accrue) paid vacation[1].

16. The amount of vacation for an employee is eligible is based on the employees' job band and years of continuous service but generally ranges from two (2) weeks to five (5) weeks in duration.

17. Bank of America's employee handbook explains its accrual as follows:

> Vacation is accrued in hours on a pay-period-by-pay-period basis, as long as you are in an active or paid leave status during the pay period. The amount of vacation accrued per pay period is based on your scheduled weekly hours (standard hours—located in the payroll system).
> Vacation accrual is prorated based on the employment start date for any newly hired employee. The maximum amount of unused vacation you can accrue on an annual basis is capped at your annual vacation allotment. If you reach the maximum amount of accrued but unused vacation, you will not be eligible to accrue additional vacation until some vacation is used and the accrued and unused vacation balance becomes less than the maximum annual accrual amount.

18. Pursuant to Bank of America's policy, employees may not carry over any unused vacation into the next calendar year, unless otherwise required by law or with management approval under the following circumstances:

• You are unable to take vacation due to an approved leave of absence for

---

[1] For example, commissioned employees, or employees scheduled to work less than 20 hours per week are ineligible for vacation payments.

-5-
**Class Action Complaint**

your own medical condition

• Management determines that business needs do not allow you to take all accrued vacation during the same calendar year

19. For the vacation carryover circumstances described above, accrued but unused vacation must be adjusted in the payroll system manually by a manager after the end of the year. The manager must submit the carryover request no later than Feb. 28 for the preceding calendar year.

20. For the states that require vacation carryover for accrued but unused vacation, Bank of America's Employee Handbook provides that the carryover balance will be displayed automatically in the payroll system prior to the end of March of the following year.

21. The Handbook also provides that the company may also decide, at its discretion, to pay employees for any unused, accrued vacation days at year-end instead of carrying the vacation time over to the next year.

22. The Bank, however, does not actually carry-over vested but unused wages for employees such as Plaintiff who work in the States of California. Additionally, the company does not properly track unused and vested vacation.

23. Throughout Plaintiff's employment her vacation hours were not properly tracked or accrued by Defendant's uniform calculation system. For example, in 2013, Bank of America's records show Plaintiff as taking 140 hours of vacation. While Plaintiff did take some vacation hours that year, she was not permitted to 140 and thus the records were inaccurate. Per the Bank's policy there is a cap on her accrual of 120 hours. Plaintiff actually took less than the 120 hours permissible during the 2013 year and thus, the records should have reflected a balance rather than a deficient. Similar inaccurately inflated vacation hours are noted in most years of Plaintiff's employment.

24. Given that the Bank's vacation benefits are managed largely by a uniform automated system, the inaccuracies in accrual were also experienced by

members of the putative Class.

25. Such inaccuracies resulted in Plaintiff and the members of the Class as having less accrued vacation hours than he or she should have had.

26. Moreover, accounting for the cap on accrual, there was no carryover of Plaintiff's or the Class Members used but accrued vacation at the end of each year of her employment. Indeed, the system established by the Bank of requiring manual requests for vacation carry-over resulted in a systematic failure to carry-over vested but unused vacation wages.

27. These errors resulted in an underpay of Plaintiff's vacation wages at termination.

28. Such inaccuracies resulted in Plaintiff and the members of the Class as having less accrued vacation hours than he or her should have had.

29. Moreover, accounting for the cap on accrual, there was no carryover of Plaintiff's used but accrued vacation at the end of each year of her employment. These errors resulted in an underpay of Plaintiff's vacation wages at termination.

*Plaintiff's Exhaustion of Administrative Remedies*

30. Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

31. By letter dated August 7, 2020, required notice was submitted to the Labor and Workforce Development Agency ("LWDA") and Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

32. More than sixty (60) days has passed since the notice was submitted and the LWDA has chosen not to investigate.

## CLASS ACTION ALLEGATIONS

33. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

34. Plaintiff brings this action on behalf of herself and all others similarly

situated as a class action, pursuant to Federal Rule of Civil Procedure 23 ("FRCP 23"). The members of the class defined as follows:

> All persons whose employment with Bank of America in California who were eligible to accrue vacation wages and whose employment ended during the period beginning August 7, 2016 and ending on the date notice of this lawsuit is mailed to the class.

35. This action has been brought and may be maintained as a class action pursuant to FRCP 23 because there is a well-defined community of interest among many persons who comprise a readily ascertainable class.

36. The class is so numerous that the individual joinder of all members is impracticable. While the exact number and identification of class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery directed to Defendant, Plaintiff is informed and believes that the class includes at least hundreds of members. While the exact number of class members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that there are not less than 100 members. Therefore, joinder of all class members as individual plaintiffs is impractical.

37. Common questions of law and fact exist as to all members of the classes which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to, the following:

    a. Whether Plaintiff and members of the proposed class are subject to and entitled to the benefits of California Wage and Hour statutes;

    b. Whether Defendants unlawfully and/or willfully failed to promptly pay compensation owing to Plaintiff and members of the Class upon termination of their employment, in violation of Labor Code §§ 201-203;

    c. Whether Defendants failed to provide class members with

accurate written wage statements in conjunction with their final pay as a result of providing them with written wage statements with inaccurate entries for, among other things, amounts of gross and net wages;

      d.    Whether Plaintiff and members of the Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief; and

      d.    Whether Defendants' conduct as alleged herein violates the Unfair Business Practices Act of California, Bus. & Prof. Code § 17200, *et seq*.

38. The claims of the named Plaintiff are typical of the claims of the members of the Class. Plaintiff and other class members sustained losses, injuries and damages arising from Defendants' common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the Class.

39. Plaintiff is an adequate representative of the class because she is a member of the class and her interests do not conflict with the interests of the members she seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and her counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the class members will fairly and adequately be protected by Plaintiff and her attorneys.

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all class members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of

recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

41. The various claims asserted in this action are additionally or alternatively certifiable under the provisions of FRCP 23 because:

    a. The prosecution of separate actions by hundreds of individual class members would create a risk or varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

    b. The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

## FIRST CAUSE OF ACTION

### FORFEITURE OF VACATION PAY IN VIOLATION OF THE CALIFORNIA LABOR CODE (LAB. CODE §227.3);

**(By Plaintiff and Members of the Class Against Defendant)**

42. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

43. California Labor Code §227.3 makes it unlawful for an employer to cause an employee to forfeit vacation pay without compensating the employee for the vacation time at the rate of pay in effect at the time of forfeiture.

44. At all relevant times, Defendants maintained policies that provide for the unlawful forfeiture of vested vacation pay in violation of Labor Code section 227.3 and *Suastez v. Plastic Dress-Up Co.*, (1982) 31 Cal. 3d 774.

45. As a result of the above, Plaintiff seeks damages, restitution, plus

**Class Action Complaint**

interest, penalties, attorney's fees, expenses, and costs of suit, on behalf of both herself and the other class members for forfeited vacation days in amounts subject to proof.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE AN "ACCURATE" ITEMIZED WAGE STATEMENT UPON PAYMENT OF WAGES (LABOR CODE § 226); (By Plaintiff and Members of the Class Against Defendant)

46. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

47. Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall ... at the time of each payment of wages, furnish his or her employees ... an itemized statement in writing showing (1) gross wages earned... and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee " Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorney's fees."

48. Plaintiff and the putative class were not provided with accurate wage statements for their final wages as mandated by law pursuant to Labor Code section 226.

49. Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages earned" were not accurately reflected because the vacation hours were not properly reflected on the statement for their final wages.

50. Defendants also failed to include all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each

-11-
**Class Action Complaint**

hourly rate by the employee on the final wage statement for Plaintiff and the members of the Class.

51. As a result of these failures, Plaintiff and the members of the Class could not promptly and easily determine the wages actually paid to them in the pay period.

52. Plaintiff and members of the Plaintiff Class request recovery of Labor Code §226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to Labor Code §226(e), in a sum as provided by the Labor Code and/or other statutes.

## THIRD CAUSE OF ACTION

## FAILURE TO PAY WAGES TIMELY UPON TERMINATION

**(By Plaintiff and Members of the Class Against Defendant)**

53. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

54. At all relevant times, Plaintiff and other members of the Class were employees of the Defendant covered by Labor Code sections 201 or 202.

55. California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge. Discharged employees were entitled to payment of all wages earned and unpaid prior to termination. California Labor Code § 202 requires an employer to promptly pay compensation due and owing to an employee within no more than 72 hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated. California Labor Code section 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required by Labor Code §§ 201 and 202, respectively, said employer is liable to said employee for a waiting time wage continuation as described therein.

56. Defendants have failed and refused to pay to Plaintiff and each

member of the Class all wages due to them upon termination in compliance with the Labor Code, including all commissions wages due.

57. Defendant's willful failure to pay Plaintiff and members of the Class all the wages due to them upon termination is in violation of Labor Code §§ 201 and 203, which provide that an employee's wages continue accruing up to thirty days from the time said wages became due. Therefore, Plaintiff and members of the Class are entitled to a waiting time wage continuation penalty pursuant to Labor Code § 203. Additionally, Plaintiff seeks costs, interest, disbursements, and attorneys' fees, as provided by statute.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION: CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200 ETC.
**(By Plaintiff and the Putative Class, and the General Public, Against Defendants)**

58. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

59. Section 17200 of the California Business and Professions Code prohibits any unlawful, unfair or fraudulent business act or practice.

60. Plaintiff brings this cause of action in a representative capacity on behalf of the general public and the persons affected by the unlawful and unfair conduct described hereafter. Plaintiff and members of the Class have suffered and continue to suffer injury in fact and monetary damages as a result of Defendants' actions. The actions by Defendant as herein alleged amount to conduct which is unlawful and a violation of law. As such, said conduct amounts to unfair business practices in violation of Business and Professions Code § 17200, *et seq.*

61. As a result of such conduct, Defendants have unlawfully and unfairly obtained monies due to the Plaintiff and the members of the Putative Classes.

62. All members of the Class can be identified by reference to payroll

and related records in the possession of the Defendants. The amount of wages due Plaintiff and members of the Class can be readily determined from Defendant's records. The members of the Class are entitled to restitution of monies due and obtained by Defendants during the Class Period as a result of Defendants' unlawful and unfair conduct.

63. During the Class Period, Defendants committed, and continue to commit, acts of unfair competition as defined by § 17200, *et seq.*, of the Business and Professions Code, by and among other things, engaging in the acts and practices described above.

64. Defendants' course of conduct, acts, and practices in violation of the California law as mentioned in each paragraph above constitutes a separate and independent violation of §17200 etc., of the Business and Professions Code.

65. The harm to Plaintiff and the members of the Classes of being wrongfully denied lawfully earned and unpaid wages outweighs the utility, if any, of Defendants' policies and practices and, therefore, Defendant's actions described herein constitute an unfair business practice or act within the meaning of Business and Professions Code § 17200.

66. Defendants' conduct described herein threatens an incipient violation of California's wage and hour laws, and/or violates the policy or spirit of such laws, or otherwise significantly threatens or harms competition.

67. Defendants' course of conduct described herein further violates Business and Professions Code 17200 in that it is fraudulent, improper, and unfair.

68. The unlawful, unfair, and fraudulent business practices and acts of Defendants as described herein above have injured Plaintiff and members of the Plaintiff Class in that they were wrongfully denied the timely and full payment of wages due to them.

/ / /

/ / /

# FIFTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA *LABOR CODE* §§ 2698, *et seq*. (PAGA)

### (Against Defendants on behalf of Plaintiff and All Other Aggrieved Employees)

69. Plaintiff incorporates all preceding paragraphs as though fully set for herein.

70. PAGA permits Plaintiff to recover civil penalties for the violation(s) of the Labor Code sections enumerated in California *Labor Code* §2699.5.

71. PAGA provides as follows: "[n]otwithstanding any other provision of law, a Plaintiff may as a matter of right amend an existing complaint to add a cause of action arising under this part at any time within 60 days of the time periods specified in this part."

72. Defendants' conduct, as alleged herein, violates numerous sections of the California *Labor Code* including, but not limited to, the following:

   a. Failure to provide Plaintiff and members of the putative class with appropriate vacation;

   b. Failure to provide Plaintiff and the members of the putative class with accurate wage statements;

   c. Failure to pay Plaintiff and the members of the putative class all wages owed at termination

73. California *Labor Code* § 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order. California *Labor Code* section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees. The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."

74. California *Labor Code* §226(a) sets forth reporting requirements for employers when they pay wages, as follows:

"Every employer shall . . . at the time of each payment of wages, furnish his or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis. . ... (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer." Section (e) provides:

> "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4000), and shall be entitled to an award of costs and reasonable attorneys' fees."

75. California *Labor Code* § 1174 provides that "[e]very person employing labor in this state shall … [k]eep a record showing the names and addresses of all employees employed and the ages of all minors" and "[keep, at a central location in the state or at the plants or establishments at which employees are employed, payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees employed at the respective plants or establishments…"

76. Pursuant to PAGA, and in particular California *Labor Code* §§ 2699(a), 2699.3, 2699.5, Plaintiff, acting in the public interest as a private attorney general, seeks assessment and collection of unpaid wages and civil penalties for Plaintiff, all other aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California *Labor Code*.

77. Plaintiff has complied with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

78. By letter dated August 7, 2020, Plaintiff, on behalf of herself and the other aggrieved employees, pursuant to California *Labor Code* § 2699.3, gave written notice by electronic submission to the Labor and Workforce Development Agency ("LWDA") and certified mail to Defendants of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

79. More than 65 days has passed since the August 7, 2020, notice was sent to the LWDA and no response has been received.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and on behalf of the members of the Putative Classes, prays for judgment against Defendants as follows:

1. An order certifying the proposed class;
2. An order that Plaintiff be appointed representative of the Class;
3. An order that counsel for the Plaintiff be appointed as counsel for the Class;
4. Judgement in favor of Plaintiff and the Class and against Defendants;
5. Damages in the form of continuation wages owing pursuant to Labor Code Section 203;
6. Restitution of all monies rightfully belonging to them that Defendants failed to pay them and wrongfully retained for itself;
7. Reasonable attorneys' fees;
8. For interest accrued to date;
9. Costs of suit; and

/ / /

/ / /

/ / /

10. For all such other and further relief that the Court may deem just and proper.

DATED: November 27, 2020  **BRADLEY GROMBACHER LLP**

By: */s/ Kiley L. Grombacher*
Marcus J. Bradley, Esq.
Kiley L. Grombacher
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: November 27, 2020  **BRADLEY GROMBACHER LLP**

By: */s/ Kiley L. Grombacher*
Marcus J. Bradley, Esq.
Kiley L. Grombacher
Attorneys for Plaintiff